IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMES KING,

      Petitioner,　　　　　　　　　　　　　　　　OPINION and ORDER

   v.　　　　　　　　　　　　　　　　　　　　　　　23-cv-667-wmc

WARDEN E. EMMERICH,[1]

      Respondent.
_____

      Petitioner James King, who is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford") and representing himself, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging he is entitled to pre-release custody by virtue of time credits he has earned under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). Respondent seeks dismissal of the petition because: (1) petitioner failed to his exhaust administrative remedies before seeking relief; and (2) even if he had exhausted the available administrative remedy process, his petition is without merit because he is not eligible for the time credits he seeks. (Dkt. #19.) For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

---

[1] The caption has been revised to reflect that E. Emmerich is the current Warden of FCI Oxford, where petitioner is incarcerated.

1

OPINION

Petitioner is serving a 151-month term of incarceration, to be followed by a three-year term of supervised release, as the result of a conviction in the Middle District of Pennsylvania for distribution and possession with intent to distribute heroin. His projected release date is April 3, 2025. (Dkt. #20, at 3.) Petitioner argues that, with the application of FTCs, he is entitled to immediate placement in pre-release custody.

The FSA affords eligible inmates the opportunity to earn FTCs, which apply toward time in pre-release custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(C). While the BOP has deemed petitioner eligible to earn FTCs, it has not applied any of petitioner's earned credits to move up his release date because his Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score is categorized as "medium." (*Id.*) Petitioner argues that BOP's reliance on his PATTERN score to deny the application of FTCs to transfer him to prerelease custody violates the express provision of the FSA that "[t]ime credits earned . . . by prisoners . . . *shall* be applied toward time in prerelease custody or supervised release." 18 U.S.C.A. § 3632(d)(4)(C) (emphasis added).

A federal prisoner may challenge the execution of his sentence by seeking a writ of habeas corpus under 28 U.S.C. § 2241. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, the prisoner must show that he is in custody in violation of the Constitution or laws of the

United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, the prisoner must exhaust certain administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to BOP's Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner concedes that he has not exhausted these administrative remedies, but argues that exhaustion should be excused because the "available Administrative Remedy [process] is wholly inappropriate to the relief sought and would be a patently futile course of action." (Dkt. #1, at 3.) However, the court need not resolve whether petitioner may be excused from the exhaustion requirement because his claim fails on the merits.

3

Respondent has provided records showing that petitioner's PATTERN score has been "medium" (on May 10 and October 27, 2022, and April 6, July 12, and December 27, 2023) or "high" (on November 2, 2021) since 2021.[2] (*See* dkt. #20, at ¶ 9; #20-4; and #20-5.) Contrary to petitioner's contention that the FSA prohibits the use of PATTERN scores to deny the application of FTCs, the FSA, 18 U.S.C. § 3632(a), expressly required the Attorney General to develop a risk and needs assessment system to determine and periodically reassess the recidivism risk of each prisoner as low, medium, or high. Pursuant to that mandate, the Department of Justice released the PATTERN assessment system on July 19, 2019. *See Booker v. Williams*, No. 21-cv-00215, 2022 WL 4314362, at *1 (S.D. Ill. Sept. 19, 2022). Moreover, the FSA and its implementing regulations provide that a prisoner is eligible for application of FTCs for pre-release custody *only* when the prisoner has either: (1) a minimum or low PATTERN score in his past two reassessments; or (2) made a petition to be transferred to pre-release custody that has been approved by the warden after making certain findings. *See* 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.44; *see also Broadnax v. Keyes*, No. 22-cv-520-wmc, 2023 WL 8481559, at *2 (W.D. Wis. Nov. 3, 2023) (finding petitioner's medium PATTERN score made him "statutorily ineligible to have FTCs applied to his sentence"). Neither of these events has occurred in this case. Petitioner's PATTERN scores have not yet been below medium, and respondent has produced uncontradicted evidence that petitioner did not petition the warden to apply his FTCs to pre-release custody or that the warden has approved any such request. (*See*

---

[2] Petitioner's PATTERN score was due to be reassessed around June 2024, but the results of that assessment are not included in the record.

4

dkt. #20, at ¶ 12.) Accordingly, petitioner fails to show that FTCs apply to entitle him to immediate placement in pre-release custody or that the BOP's calculation is incorrect or improper. Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

## ORDER

IT IS ORDERED that:

1) The petition filed by James King (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 22nd day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge